IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN LEWIS AND KIMBERLY LEWIS, | § § § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § § | C.A. No. 3:16-cv-133 |
| FREMONT INVESTMENT & LOAN CORP.; DEUTSCHE BANK TRUST COMPANY, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2004-4, ASSET-BACKED CERTIFICATES, SERIES 2004-4; OCWEN LOAN SERVICING, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | § § § § § § § § § § § | |
| *Defendants*. | § § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, as well as Local Rule 81, Defendants Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2004-4, Asset-Backed Certificates, Series 2004-4 ("Deutsche"); Ocwen Loan Servicing, LLC ("Ocwen"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "Defendants") hereby remove the above-titled action from the 405th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. In support of their Notice of Removal, Defendants would show the Court as follows:

1

## I.  STATE COURT ACTION

1. On or around April 4, 2016, Plaintiffs Stephen Lewis and Kimberly Lewis ("Plaintiffs") filed their Original Petition and Notice of Automatic Stay of Expedited Home Equity Foreclosure Sale Under Tex. R. Civ. P. 736.11(a) (the "Petition") in the 405th Judicial District Court of Galveston County, Texas styled as *Stephen Lewis and Kimberly Lewis v. Ocwen Loan Servicing, LLC, et al.*; Cause No. 16-CV-0398 (the "State Court Action").

2. The allegations in the Petition relate to a home equity loan (the "Mortgage") obtained by Plaintiffs to secure a property located at 5306 Carefree Drive, League City, Texas 77573 (the "Property").  Plaintiffs assert causes of action for declaratory judgment; suit to quiet title; breach of contract; violation of the Texas Debt Collection Act; and "rescission."  Plaintiffs also seek compensatory damages, punitive damages, statutory damages, and attorney's fees. Plaintiffs' claims are all based on a challenge to an assignment of the Mortgage from Defendant Fremont Investment & Loan Corp. ("Fremont") to Deutsche.

3. Deutsche denies each and every allegation set forth in the Petition and further denies that Plaintiffs are entitled to any of the requested relief.

## II.  PROCEDURAL REQUIREMENTS

3. Venue is proper in this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441.

4. Defendants Ocwen and Deutsche were served on April 19, 2016. Accordingly, this removal is timely.  *See* 28 U.S.C. § 1446(b).

5. Pursuant to Southern District of Texas Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

   (a) An index of matters being filed, which is attached hereto as **Exhibit A**;

(b) The state court docket sheet, all executed process in the case, all pleadings asserting causes of action (*e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings) and all orders signed by the state judge, which are attached hereto as **Exhibits B.1-B.6**.

(c) A list of all counsel of record, including addresses, telephone numbers and parties represented, which is attached hereto as **Exhibit C**.

6. The consent of Defendant Fremont is not required as it has not been served. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1261-62 (5th Cir. 1988).

7. Simultaneous with the filing of this Notice of Removal, Defendants are filing a copy of the Notice in the 405th Judicial District of Galveston County, Texas, pursuant to 28 U.S.C. § 1446(d). Defendants will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

### III.  BASIS FOR REMOVAL

8. This Court has jurisdiction over the State Court Action based on diversity jurisdiction.

9. Lawsuits between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs may be brought in federal court. 28 U.S.C. § 1332. Removal is proper in this case because there is complete diversity of citizenship between the relevant parties and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

A. **The Remaining Parties Are Completely Diverse**

10. Plaintiffs are citizens of Galveston County, Texas. *See* Petition at p. 1.

11. As Trustee, Deutsche's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its

3

trustee.") (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)).  Defendant Deutsche is a national banking association pursuant to federal law.  Under its articles of association, Deutsche's main office is located in Los Angeles, California.  Therefore, Deutsche Bank is a citizen of California. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

12.  At the time Plaintiffs filed the State Court Action and up through the date of removal, Defendant Ocwen has been, and is currently, a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.  Ocwen is a limited liability company.  The citizenship of a limited liability company is determined by the citizenship of the members of the entity.  H*arvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Ocwen's sole member is Ocwen Mortgage Servicing, Inc., which is incorporated in the U.S. Virgin Islands, with its principal place of business in Frederiksted, U.S. Virgin Islands.  Accordingly, Ocwen is a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

13.  MERS is a corporation, so it is a citizen of the state where it was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Roche*, 546 U.S. at 88-89.  MERS was incorporated in Delaware, and its principal place of business is in Virginia. Thus, MERS is a citizen of Delaware and Virginia for diversity purposes.

14.  Defendant Fremont is a California corporation that has its principal place of business in California.  Therefore, Fremont is a citizen of California for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

15.  As a result of the foregoing, there is complete diversity of citizenship among the parties.

**C.      The Amount in Controversy Exceeds the Jurisdictional Minimum**

16. Although Plaintiffs fail to allege an exact amount in controversy, the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional minimum. *See St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition). A defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); Ham v. Board of Pensions of the Presbyterian Church, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D. Tex. Mar. 8, 2005); *Carnahan v. South Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

17. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."); *see also Nation Star Mortgage LLC v. Knox*, 351 F. Appx. 844, 848 (5th Cir. 2007)(citing *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

18.     Here, Plaintiffs seeks declaratory relief that, if granted, would invalidate Deutsche's lien on the Property. The most recent tax appraisal for the Property valued it at $141,900. *See Griffin v. HSBC Bank USA*, 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. July 5, 2011) (same).

19.     Furthermore, Plaintiffs seek attorney's fees. It is well established in the Fifth Circuit that potential attorney's fees are part of the amount-in-controversy. *See, e.g., Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney's fees in calculating the amount in controversy).

20.     Consequently, based on the relief sought and the value of the property at issue, the amount in controversy more likely than not exceeds $75,000.00.

21.     For the reasons stated above, this Court has jurisdiction over this matter by virtue of diversity.

## V.   JURY DEMAND

22.     Plaintiffs did demand a jury in the State Court Action.

## VI.   PRAYER

For these reasons, Defendants hereby remove this action from the 405th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

6

Respectfully Submitted,

/s/ B. David L. Foster by permission KLK.
B. DAVID L. FOSTER
State Bar No. 24031555
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700 - *telephone*
(512) 305-4800 - *facsimile*

**COUNSEL FOR DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2004-4, ASSET-BACKED CERTIFICATES, SERIES 2004-4; OCWEN LOAN SERVICING, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**OF COUNSEL:**
KURT LANCE KROLIKOWSKI
State Bar No. 24074548
Southern District Number: 1146373
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

ROBERT T. MOWREY
State Bar No. 14607500
Southern District Number: 9529
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – *telephone*
(214) 740-8800 – *facsimile*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel pursuant to the Federal Rules of Civil Procedure on May 16, 2016.

    Jeffrey C. Jackson
    2200 N. Loop West, Suite 108
    Houston, Texas 77018

_____
Kurt Lance Krolikowski

HOU:1006335/01302:1845023v1