UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KIMBERLY LEWIS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-133 |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, Stephen Lewis and Kimberly Lewis, filed this lawsuit in state court to challenge a foreclosure upon their home. Plaintiffs filed suit in the 405th Judicial District Court of Galveston County, Texas, Cause No. 16-CV-398, against the following Defendants: Fremont Investment & Loan Corp. ("Fremont"); Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2004-4, Asset-Backed Certificates, Series 2004-4 ("Deutsche Bank"); Ocwen Loan Servicing, LLC ("Ocwen"); and Mortgage Electronic Registration Systems, Inc. ("MERS").

Plaintiffs' Original Petition alleged that, in June 2015, Deutsche Bank had improperly filed an expedited application to foreclose on their home, and that "[a]fter the Galveston County District Court signed a Rule 736 Order in favor of Deutsche Bank, Deutsche Bank noticed a sale of the Property for Tuesday, April 5, 2016." Dkt. 1-2, pg. 5.[1] Plaintiffs brought claims for: (1) declaratory relief that "Deutsche Bank (as Trustee) is

---

[1] Plaintiff's Original Petition attached the Rule 736 Application filed in the 405th District Court of Galveston County, Texas, as well as the "Notice of Sale."

not the holder or owner of the primissory [sic] Note and that Deutsche Bank and Ocwen have or had no power of sale under the Deed of Trust in this case;" (2) declaratory relief to quiet title on the grounds that "Plaintiffs' legal ownership of the Property was superior to Deutsche Bank's claimed mortgage lien on the Property at the time of sale . . . [and] Deutsche Bank wrongly claims a secured monetary interest and estate in the Property . . . [and] [a]ll claims of Deutsche Bank, present and prior, are without and were without any right whatsoever, and Deutsche Bank has no right, estate, title, lien, power of sale, or any interest of any kind in or to the Property . . . due to the fact that Deutsche Bank lacks standing to foreclose as alleged in detail above." Plaintiffs also alleged that "Deutsche Bank, in its role as Trustee has acted as Fremont Investment's assignee in conducting foreclosure activities against Plaintiff[s]." Finally, Plaintiffs asserted that Deutsche Bank and Ocwen were "debt collectors" under the Texas Debt Collection Act, and that Deutsche Bank violated that law when it "threatened to foreclose without being the actual holder of the debt instrument" and by filing the Rule 736 lawsuit in 2015.

On May 16, 2016, Defendants Deutsche Bank, Ocwen, and MERS removed the lawsuit to this Court, asserting that this Court had diversity jurisdiction. Plaintiff's state court petition had alleged that Stephen and Kimberly Lewis were residents of Texas, and that the real property at issue was located in League City, Texas. Dkt. 1-2. Defendants' Notice of Removal contended that Defendant Deutsche Bank was a citizen of California, as "a national banking association pursuant to federal law" whose main office is located

in Los Angeles, California. Dkt. 1.[2] Defendants contended that Defendant Ocwen was a citizen of the U.S. Virgin Islands because it was incorporated in the U.S. Virgin Islands, with its principal place of business in Frederiksted, U.S. Virgin Islands. Dkt. 1. Defendant MERS was alleged to be a citizen of Delaware and Virginia. Defendant Fremont was alleged to be a California corporation, with its principal place of business in California, and therefore a citizen of California.

After the notice of removal was filed, the parties filed several motions for extensions of time and a joint motion for abatement, pointing to a possible settlement of the case. This case was abated on July 5, 2016, and then re-opened a few months later in October 2016. Eventually, in December 2016, Plaintiffs filed a motion to remand the case back to state court. Dkt. 19.

Plaintiffs' motion to remand contends that this Court lacks diversity jurisdiction. Plaintiffs first contend that Defendants' Notice of Removal is defective because it fails to allege that the citizenship of the FHLT 2004-4 Trust, of which Deutsche Bank is the Trustee, is diverse from the citizenship of Plaintiffs. In other words, Plaintiffs contend that the Notice of Removal failed to allege that the FHLT 2004-4 Trust is not a citizen of

---

[2] Plaintiffs' state court petition alleged the following: (1) Deutsche Bank was "a National Banking Association doing business in the County Of Galveston, State of TEXAS, and is the purported Trustee to the securitized Trust that claims to own Plaintiffs' Mortgage Note and the Deed of Trust securing the subject Property"; (2) Defendant Ocwen was "a corporation doing business in the County of Galveston, State of TEXAS"; (3) MERS was "a corporation duly organized and existing under the laws of TEXAS, whose last known address is 1818 Library Street, Suite 300, Reston, Virginia [and] is doing business in the County of Galveston, State of TEXAS"; and (4) Fremont was "a California State Chartered Industrial Bank doing business in the County of Galveston, State of TEXAS." Dkt. 1-2.

Texas, and this failure requires remand. Further, Plaintiffs allege that the FHLT 2004-4 Trust is not a citizen of Texas "in light if [sic] the U.S. Supreme Court's March 2016 *Americold* decision," and therefore the Court must remand this case.

Defendants respond that the citizenship of the FHLT 2004-4 Trust is irrelevant because the Trust itself is not the real party in interest in this litigation. Instead, Defendants contend that this Court should look only to the citizenship of Deutsche Bank. After reviewing the motion to remand, the response, the evidence submitted, the pleadings in this case, and the record of this case as a whole, the Court finds that the motion to remand should be **DENIED**.

## ANALYSIS

A party may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have subject matter jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332. The latter issue, diversity, is the one in dispute here.

Here, the Court focuses on the Plaintiffs' pleadings "as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). But the Court "may be required to survey the entire record ... and base its ruling on the complaint, or undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarrillas*, 963 F.2d 806, 808 (5th Cir. 1992). Any "ambiguities are construed against removal," and "[t]he removing party bears the burden of showing that federal jurisdiction exists." *Manguno*, 276 F.3d at 723.

Plaintiffs' motion to remand asserts that this Court should, under *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016),[3] immediately engage in an analysis of the citizenship of the FHLT 2004-4 Trust by looking to the citizenship of "all of its members/beneficiaries." After considering the motion to remand and the applicable authorities, this Court disagrees.

First, the Court begins with the rule that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Whether a party is [formal or] 'nominal' for removal purposes depends on 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . .'" *Acosta v. Master Maint. & Constr. Inc.,* 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)); *see also Cousins v. Turn*, 9:16-CV-47, 2017 WL 426872, at *5 (E.D. Tex. Jan. 12, 2017), report and recommendation adopted, 9:16-CV-47, 2017 WL 413204 (E.D. Tex. Jan. 31, 2017) (noting, "Where a party to litigation asserts affirmative claims for relief, even if

---

[3] As the Fifth Circuit recently observed, "*Americold* involved a Maryland Real Estate Investment Trust, nominally a trust but in reality an unincorporated business entity recognized by statute. For traditional trusts, the *Americold* court held that 'when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.'" *Hometown 2006–1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C.,* 847 F.3d 302, 306–07 (5th Cir. 2017). The Fifth Circuit explained, "Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Id*. at n.17 (citing *Americold*, 136 S. Ct. at 1016). Further, "[t]rusts do not have 'members,' rather a trust exists where a settlor transfers title of property to a trustee to hold in trust for the benefit of beneficiaries." *Id*. at n.17

such parties are characterized as nominal defendants, those counterclaims elevate them to real parties in interest.").

Grappling with the language of *Americold* and *Navarro*, federal courts in Texas have taken different paths to determine whether a trustee, or the trust itself, is the real party to the controversy. *See, e.g., Shastry v. U.S. Bank Nat'l Ass'n*, 3:16-CV-3335-G-BN, 2017 WL 1102807, at *2, * 3 (N.D. Tex. Mar. 2, 2017), report and recommendation adopted, 3:16-CV-3335-G (BN), 2017 WL 1091650 (N.D. Tex. Mar. 23, 2017) ("Determinations about whether the trust or trustee is the real party to the action are informed by the duties that the trust has delegated to its trustee. Courts have long held that a trustee is a real party when the trust has ceded 'certain customary powers to hold, manage, and dispose of assets' to the trustee and the trustee's actions or interests are the subject of the suit . . . But a trust is considered a real party to the action where the trust's own interests or own actions are the subject of the claims at issue."); *Rodriguez v. Deutsche Bank Nat'l Trust Co.*, CV H-16-1597, 2017 WL 371141, at *2 (S.D. Tex. Jan. 26, 2017) (looking to whether "the trustee is suing or is being sued in his or her own name, or if the trust is a traditional trust," and whether the trustees have "exclusive authority over the property (*i.e.* the declaration of the trust 'authorizes the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees . . .')"; *Guillen v. Countrywide Home Loans, Inc.*, CV H-15-849, 2016 WL 7103908, at *5 (S.D. Tex. Dec. 6, 2016) (finding trust was the real party in interest even though plaintiff sued only trustee, not trust itself, noting "[b]ecause suing a trust in Texas and New York necessitates naming the trustee in the

pleadings, then courts in these states must look to the substance of the complaint to determine the real party to the controversy," looking instead to the Pooling Agreement and allegations in complaint); *Moore v. Ameriquest Mortgage Co.*, 4:16-CV-00380, 2016 WL 6159377, at *4 (E.D. Tex. Oct. 24, 2016) (looking to Pooling and Servicing Agreement for trust, finding under New York law that trustee was traditional trustee with "legal title and with it the power to hold, manage, and dispose of Trust assets," and that only trustee's citizenship was therefore relevant, but also finding that trust was only "a nominal party and may disregarded for purposes of diversity" because plaintiffs sought declaratory and monetary relief for claims arising from the improper transfers of Plaintiffs' loan and title, and court did not need the trust to be a party in order to grant a final judgment giving Plaintiffs all relief they sought); *Juarez v. DHI Mortgage Company Ltd.,* No. H-15-3534, 2016 WL 3906296, at *3 (S.D. Tex. July 19, 2016) (finding trust to be a real and substantial party where "the complaint treats the 2004-68 Trust as [a] separate defendant from [the trustee] by alleging the trust itself wrongfully foreclosed on Juarez's property," and remanding because "the burden remains with the removing party to classify the trust, establish its citizenship, and prove complete diversity . . . [but] Defendants have not even attempted to classify the 2004-68 Trust or identify any of its members."); *Halley v. Deutsche Bank Nat'l Trust Co.*, CV H-15-1174, 2016 WL 3855872, at *1 (S.D. Tex. July 15, 2016) (where both parties contended the court had subject matter jurisdiction, and where trustee had filed counterclaims, looking only to citizenship of trustee under *Americold* and *Navarro*, concluding, "As a national bank association, Deutsche Bank is considered a citizen of the state in which its main office is

located. Because Deutsche Bank has its main office in California, as specified in its articles of association, . . . Deutsche Bank is a citizen of California for purposes of diversity jurisdiction.") (internal citations omitted).

Ultimately, this Court finds that the approaches taken in cases such as *Shastry, Rodriguez,* and *Moore* are the most sound. Accordingly, the Court will look to the pleadings themselves to ask whether it is the trust's, or the trustee's, interests and actions at issue, as well as whether the trust, the trustee, or both, are named as parties to the lawsuit. In determining whether the trust or the trustee is the real party to the controversy at hand, the Court may also consider the duties that the trust has delegated to its trustee, *i.e.,* whether it is a "traditional trust" in which "trustees have legal title to the trust assets, have the ability to invest those assets, and have the ability 'to sue and be sued in their capacity as trustees.'" *Navarro*, 446 U.S. at 464–66.

### 1. Plaintiffs' Petition

Examining the Plaintiffs' state court petition, the Court notes the following: (1) Plaintiffs' lawsuit named Deutsche Bank, as Trustee, as a defendant, but Plaintiffs did not name the Trust itself as a defendant; (2) Plaintiffs' lawsuit arises out of an earlier proceeding filed by Deutsche Bank, and Plaintiffs now seek to invalidate the relief received by Deutsche Bank; (3) Plaintiffs have brought a cause of action against Deutsche Bank, claiming that Deutsche Bank's actions violated the Texas Debt Collection Act; (4) Plaintiffs' petition, which formed the basis of removal for this action to this Court, specifically alleged that the FHLT 2004-4 Trust is "an express Trust" under

New York law; and (5) Plaintiffs' jurisdictional allegations in their petition were directed at Deutsche Bank as Trustee, not the FHLT 2004-4 Trust itself.

Plaintiffs' motion to remand first contends that they named Deutsche Bank as a defendant because, under Texas law, a trust cannot be named as a defendant. However, as shown by the differing results obtained by the courts cited above, this principle logically can cut two ways. *Compare Guillen v. Countrywide Home Loans, Inc.,* CV H-15-849, 2016 WL 7103908, at *6 (S.D. Tex. Dec. 6, 2016) (noting Texas and New York law required naming the trustee in an action, but going beyond "the mere caption of the suit," and finding that the trust was the real party to the controversy) *with Shastry v. U.S. Bank Nat'l Ass'n*, 3:16-CV-3335-G-BN, 2017 WL 1102807, at *2, * 3 (N.D. Tex. Mar. 2, 2017), report and recommendation adopted, 3:16-CV-3335-G (BN), 2017 WL 1091650 (N.D. Tex. Mar. 23, 2017) (noting that Plaintiffs sued U.S. Bank in its capacity as trustee because, under Texas law, "[f]or relief to be granted against a trust, the trust—through its trustee—must be made a party to the action," and finding U.S. Bank was the real and substantial party).

Next, Plaintiffs contend that their petition "treats the FHLT 2004-4 Trust as a separate defendant from the Deutsche Trustee by alleging that the FHLT 2004-4 Trust itself wrongfully foreclosed on Plaintiffs' property." Respectfully, the Court has scoured the 20-page petition, but it has not been able to locate this sentence.[4] However, even if

---

[4] In fact, many of the statements in Plaintiffs' Motion to Remand appear to be directed at other clients or lawsuits. The Court notes that Plaintiffs' counsel have made similar motions for remand to other courts, with varying success. *See, e.g., Guillen v. Countrywide Home Loans, Inc.*, CV H-15-849, 2016 WL 7103908 (S.D. Tex. Dec. 6, 2016); *Moore v. Ameriquest Mortgage*

this sentence is among the allegations made in Plaintiffs' petition, the thrust of Plaintiffs' petition still remains directed at Deutsche Bank's allegedly improper foreclosure action, including claims that Deutsche Bank filed incorrect securitization statements, failed to ensure the proper chain of assignments to transfer the mortgage loan into the Trust, and improperly sought foreclosure upon the Plaintiffs' property. Further, Plaintiffs also particularly allege that Deutsche Bank itself violated the Texas Debt Collection Act.

2. **The Pooling Services Agreement**

The Court now examines the duties that the FHLT 2004-4 Trust has delegated to Deutsche Bank, as Trustee. Specifically, the Court looks to whether Deutsche Bank, as Trustee, has "legal title to the trust assets, [] the ability to invest those assets, and [] the ability 'to sue and be sued in their capacity as trustees.'" *Navarro*, 446 U.S. at 464–66. Plaintiffs' motion to remand contends that the PSA, when taken as a whole, shows that Deutsche Bank does not have these duties.[5]

At its outset, the PSA explains that Deutsche Bank, as Trustee, purchased a set of mortgage loans from Financial Asset Securities Corp., ("the Depositor"). Section 1(a) of the PSA then further states:

---

*Co.,* 4:16-CV-00380, 2016 WL 6159377 (E.D. Tex. Oct. 24, 2016); *Juarez v. DHI Mortgage Company Ltd.*, No. H-15-3534, 2016 WL 3906296, at *3 (S.D. Tex. July 19, 2016).

[5] Plaintiffs also point to statements they contend that Deutsche Bank has made in a class action lawsuit filed in the United States District Court for the Southern District of New York, arguing that Deutsche Bank should be estopped in this case from arguing to the contrary. Given the lack of any factual connection between these two cases, including differences in procedural posture, legal issues, and counsel, this Court declines to impose such a rule. *See, e.g., Blackrock Allocation Target Shares v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-09367, 2016 WL 269570, at *2 (S.D.N.Y. Jan. 19, 2016).

> The Depositor does hereby sell, transfer, assign, set over and convey to the Trustee in trust, on behalf of the Trust, without recourse, all of its right, title and interest in and to the Subsequent Mortgage Loans, and including all amounts due on the Subsequent Mortgage Loans after the related Subsequent Cut-off Date, and all items with respect to the Subsequent Mortgage Loans to be delivered pursuant to Section 2.01 of the Pooling and Servicing Agreement; provided, however that the Depositor reserves and retains all right, title and interest in and to amounts due on the Subsequent Mortgage Loans on or prior to the related Subsequent Cut-off Date. The Depositor, contemporaneously with the delivery of this Agreement, has delivered or caused to be delivered to the Trustee each item set forth in Section 2.01 of the Pooling and Servicing Agreement. The transfer to the Trustee by the Depositor of the Subsequent Mortgage Loans identified on the Mortgage Loan Schedule shall be absolute and is intended by the Depositor, the Servicer, the Trustee and the Certificateholders to constitute and to be treated as a sale by the Depositor to the Trust Fund.

Section 8.12(a) states that the Trustee may bring "claims" and "actions" under the PSA, that such proceedings "instituted by the Trustee shall be brought in its own name or in its capacity as Trustee for the benefit of all Holders of such Certificates, subject to the provisions of this Agreement." In contrast, Section 11.03 limits the right of Certificateholders to bring "any suit, action or proceeding in equity or at law or upon or under or with respect to this Agreement," except in certain enumerated instances. Further, Section 11.03 limits the right of Certificateholders to "vote or in any manner control the operation and management of the Trust, or the obligations of the parties hereto . . ."

Comparing the PSA against the allegations in Plaintiffs'' petition, the Court finds that the rights and duties of Deutsche Bank, as Trustee under the PSA, are congruent with the actions of Deutsche Bank upon which Plaintiffs base their causes of action. *See, e.g., Shastry v. U.S. Bank Nat'l Ass'n*, 3:16-CV-3335-G-BN, 2017 WL 1102807, at *3 (N.D. Tex. Mar. 2, 2017), *report and recommendation adopted,* 3:16-CV-3335-G (BN), 2017 WL 1091650 (N.D. Tex. Mar. 23, 2017) ("The claims asserted in Plaintiff's Amended Petition are based on their contentions that, because of alleged defects in the securitization process, an alleged failure to comply with the PSA and alleged defects in the assignment of Plaintiffs' note and deed of trust, U.S. Bank, as trustee for the trust, is neither the holder of Plaintiffs' note nor the mortgagee with respect to the deed of trust. . . . As the possessor of the customary powers to hold, manage and dispose of the trust's assets for the benefit of the certificate holders, it is U.S. Bank's interest that is implicated by this lawsuit."). Accordingly, the Court finds that Deutsche Bank, as Trustee, is the real party here and it is Deutsche Bank's citizenship that should be considered for purposes of diversity jurisdiction.

## CONCLUSION

Plaintiffs are natural persons domiciled in Texas, and are citizens of Texas for diversity purposes. There is no dispute that Deutsche Bank is a national banking association and a citizen of California, and that all other defendants are citizens of states other than Texas.

Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

SIGNED at Galveston, Texas, this 13th day of April, 2017.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge