UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
July 30, 2018
David J. Bradley, Clerk

Kimberly Lewis, *et al.*, §
§
Plaintiffs, §
§
*versus* § Civil Action G-16-133
§
Fremont Investment & Loan Corp., *et al.*, §
§
Defendants. §

## Opinion on Summary Judgment

1. *Background.*

On August 27, 2004, Kimberly and Stephen Lewis borrowed against their home's equity. Their house is in League City, adjacent to southeast Houston. Fremont Investment & Loan Corporation lent them $131,000 on a promissory note secured by a deed of trust. Mortgage Electronic Registration Systems, Inc., was the trustee for Fremont.

The servicing rights were transferred to Ocwen Loan Servicing, LLC. According to the Galveston County property records, on January 7, 2015, MERS – a private registry of mortgages – assigned the note and deed of trust to Deutsche Bank National Trust Company. It is the trustee for the Fremont Home Loan Trust 2004-4, Asset-Backed Certificates, Series 2004-4.

Four years ago, the Lewises defaulted. Ocwen sent them a notice of default on August 20, 2014. On March 23, 2015, it sent them a notice of acceleration. On Ocwen and Deutsche Bank's application, the state court approved the foreclosure on October 29, 2015. Ocwen notified the Lewises that it would foreclose on April 5, 2016. On the eve of foreclosure, they filed this suit.

The Lewises' claims against Fremont have been dismissed because it endorsed the note to the next holder, and other holders eventually endorsed it to Deutsche Bank.

2. *Assignment.*

The Lewises say that the 2015 assignment violated the Pooling and Servicing Agreement that governs the trust because it occurred after the 2005 closing date of the trust. Even if the 2015 assignment were too late, the Lewises would not have standing to enforce it.[1] They are neither parties to nor intended beneficiaries of the agreement.[2] Also, the assignment in no way affects them.

The Lewises claim that the signature of Cameron Carlson – the person who executed the assignment as assistant secretary of MERS – was forged or that he was not authorized to execute the assignment. Nothing supports the idea that Carlson's signature was forged or that he was not who he claimed to be – an assistant secretary at MERS. The Lewises have offered nothing more than an accusation – an imagined situation – devoid of fact.

Deutsche Bank holds the original note, signed in blue ink and endorsed in blank.[3] The note is a bearer instrument. As the note-holder, Deutsche Bank may foreclose.

3. *Texas Constitution.*

The Lewises allege four violations of the Texas Constitution.

First, the principal value of the mortgage did not exceed 80% of the house's fair market value. An appraisal in June of 2004 valued the house at $165,000. $131,000 is less than 80% of $165,000. At the time, the Lewises agreed, swearing in writing to that effect. They now want to ignore that and say that the house was worth $109,930 – its value according to the Galveston Central Appraisal District. That represents its tax valuation, not necessarily its fair market value.[4] The Lewises have also had the house appraised during this

---

[1]*See Reinagel v. Deutsche Bank National Trust Company*, 735 F.3d 220 (5th Cir. 2013).

[2]*See Calpine Energy Services, L.P., v. Kinder Morgan Texas Pipeline, L.P.*, 2007 WL 2815750 (S.D. Tex. Sept. 24, 2007).

[3]*See* Tex. Business and Commerce Code Ann. §3.205.

[4]*Poswalk v. GMAC Mortgage, L.L.C.*, 519 Fed. Appx. 884 (5th Cir. 2013).

lawsuit. The after-the-fact appraisal valued the house at $112,000. Even assuming that is accurate, no evidence suggests that the valuation of the home in June 2004 was not based on an appraisal or that the anyone knew that the value of the property was incorrect.[5]

Second, the Lewises received a notice regarding home equity loans at least twelve days before the loan was originated on August 27, 2004. They signed the notice on June 21, 2004. They also received a copy of their loan application, as demonstrated by their agreeing that they had received all the documents on August 27, 2004.

Third, the Lewises now allege that they did not receive a final, itemized disclosure of costs to be charged at closing at least a day in advance. On the day that their loan originated, however, they signed two documents saying that they had received that disclosure by August 26, 2004.

Fourth, the Lewises say that they did not receive a copy of the loan application even though they signed a Documents Acknowledgment saying that they had been given a copy of all of the documents they had signed when they originated the loan. Also, in 2004, the Texas Constitution did not oblige the lender to give the borrower a copy of the loan application.

4. *Texas Debt Collection Act.*

The Lewises say that Deutsche Bank was not permitted to foreclose on the mortgage because it was not the holder of the debt instrument. Because it is the holder of the note, it may foreclose.

5. *Quiet Title.*

The only impediment to the Lewises' title is the lien that they granted and had the opportunity to extinguish by following its terms. The basis of the Lewises' quiet title claim is that the assignment was improper. The assignment was proper, so this claim will be dismissed. An endorsement of a note with its security is not a title defect.

---

[5] TEX. CONST. art. XVI, §50(h).

6. *Breach of Contract.*

Because Deutsche Bank did not violate the Texas Constitution, it could not have breached the loan agreement by its alleged violations or its not curing them. Also, Deutsche Bank could not have breached the loan agreement by not being the assignee and holder because it is the assignee and holder of the note.

7. *Declaratory Judgment.*

This is not a substantive claim. None of the Lewises' claims supports a declaratory judgment or other equitable relief.

8. *Conclusion.*

The claims against Fremont Investment & Loan Corp. have already been dismissed.

The Lewises' swearing to a fact one way and then the opposite way as it suited their changing interests does not create a fact question. Kimberly Lewis and Stephen Lewis take nothing from Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems, Inc., and Ocwen Loan Servicing, LLC.

Signed on July 30, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge